RANDALL *versus* HAINES.

By the Act of 1845, chap. 172, " questions of law may be reported, by the Judge of the District Court, to the S. J. Court for decision, upon stipulations " relative to a *disposition* of the action by nonsuit, default, or otherwise."

But the stipulations must be such as to provide, that the *final* disposition of the action shall be dependent upon the decision of the questions of law.

A stipulation that, if the decision of the questions of law be in favor of one of the parties, the other shall still have the right to a jury-trial, will not authorize the action to be transferred, upon a report, into this court.

An action transferred upon such a stipulation, will be dismissed for irregularity.

TROVER for a horse. The case came from the District Court. A witness was there examined for the plaintiff, who testified to certain facts relative to the mode by which the plaintiff acquired his supposed title, and also relative to the sort of possession upon which he relied.

By agreement of the parties, the Judge of the District Court reported the facts, deduced from the testimony, for a decision of the legal question, whether the facts showed such ownership of the horse as would enable the plaintiff to maintain the action. The report was made upon a stipulation, that, if the opinion of the S. J. Court should be in the negative, the plaintiff was to become nonsuit; otherwise, the case was to be put again to a jury, either in the S. J. Court or District Court, as the said S. J. Court should direct, in order that any defences, which the defendant might have, might be tried; the defendant not having yet offered any evidence.

The case was argued upon the legal question above stated, by *Morrill*, for the plaintiff, and by *E. Fuller*, for the defendant. But, as no decision upon that point was given, the arguments need not be presented.

SHEPLEY, C. J. — This action was irregularly transferred from the District Court.

The Act approved on April 7, 1845, provides, that " it shall be lawful for the Judge, with consent of parties, to draw up a

report of the case, *presenting the legal points for decision*, and containing such stipulations, as the parties may make, relative to a disposition of the case by nonsuit, default, or otherwise." If the words "or otherwise" had not been used, there could be no doubt, that a final disposition of the action was to be made by a decision of the legal points presented. That those words were used, not to authorize any kind of disposition of the action by continuance or for trial, as the parties might agree, but to provide for a final disposition in some other mode than by nonsuit or default, as by a judgment for either party, with a hearing in damages, or a return of property in an action of replevin, will be apparent, when considered in connection with the language used in the second section. That section provides that this "court shall render judgment therein in the same manner and with the same effect, as on a report made by consent of parties, by a Judge of the Supreme Judicial Court."

When judgment is rendered on a report last named, it is always a final judgment. Reports in this court are sometimes made, authorizing actions to stand for trial by jury, upon some contingency, but such an order can in no proper sense be called or considered a judgment.

If the Act should be construed to authorize a point of law, not decisive of the action, to be reported, and the cause to be transferred to this court for its decision, with a stipulation, that it might upon a certain contingency, be remanded to the District Court for trial, the action might be transferred to this court and remanded several times; and causes not appealable upon the facts, might be thus transferred to this court for a trial by jury. Such could not have been the intention, and a correct interpretation of the language, does not authorize a transfer of the action, except for a final disposition of it by a decision of the points of law, presented for decision.

If the point of law presented in this case should be decided in one way, the report provides, that "the case is to be put again to a jury, either in the S. J. Court or District Court, as

the said S. J. Court shall direct;" and it was not, therefore, transferred to this court, according to the provisions of the statute.            *Action dismissed, as irregularly*

*transferred to this court.*